IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL W. STRAND and CARI ALLEN, individuals,<br><br>               Plaintiffs,<br><br>v.<br><br>GLEN R. DAWSON,<br><br>               Defendant. | **MEMORANDUM DECISION and REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS**<br><br>Case No. 1:11-cv-00077 CW<br><br><br>District Judge Clark Waddoups<br>Magistrate Judge David Nuffer |

District Judge Clark Waddoups referred this case to the Magistrate Judge pursuant to

28 U.S.C. § 636(b)(1)(B) calling for a report and recommendation for the proper resolution of

dispositive matters.[1]  Defendant, Glen R. Dawson moves to dismiss the Complaint on the

grounds that "(1) Defendant is entitled to absolute immunity from suit; (2) all claims in this

action are barred by the *Rooker-Feldman* doctrine, which prohibits federal courts from reviewing

final adjudications from state courts; and (3) under the doctrine of *Younger v. Harris*, this Court

should abstain from exercising jurisdiction to the extent any claims arise from ongoing state

court proceedings."[2]

**BACKGROUND**

Plaintiffs Michael Strand and Cari Allen brought this action against Glen R. Dawson, a

judge in the State of Utah's Second Judicial District, based entirely upon his conduct in presiding

over a continuing Utah state court eviction action in which they are defendants.[3]  Strand and

---

[1] Order of Reference, docket no. 12, filed July 14, 2011 and Order of Recusal, docket no. 15, filed September 8, 2011 (showing case reassigned to Magistrate Judge David Nuffer).

[2] Motion to Dismiss Complaint (Motion to Dismiss) at 1, docket no. 7, filed June 1, 2011.

[3] *See Golden Meadows Properties LC v. Michael Strand and Cari Allen,* Case No. 070700488, State of Utah, Second Judicial District Court, Farmington Division.  State case docket sheet is attached as exhibit 1 (State Docket

Allen allege that Judge Dawson's actions in the state case violated their civil rights, including "denial of due process and equal protection," which have "deprived Mr. Strand of his property and continues to cause Mr. Strand and Ms. Allen irreparable harm" and are seeking "declaratory and injunctive relief" pursuant to 42 U.S.C. § 1983.[4]

## DISCUSSION

## Judicial Immunity

Judges are shielded with absolute immunity from suits for money damages based on their judicial action.[5] Judicial immunity also bars suits that are brought under 42 U.S.C. § 1983.[6] "There are two exceptions to absolute judicial immunity: (1) when the judge's actions are taken outside his role as a judge, i.e., entirely non-judicial conduct, or (2) when the judge's actions are taken in the complete absence of jurisdiction."[7] Strand and Allen do not argue that the judge's actions were taken outside his role as a judge. Instead, they only argue that Dawson was acting in complete absence of all jurisdiction.[8] "[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him."[9] *Golden Meadows v. Strand* was filed in the Second District Court, a court of proper jurisdiction. The case has had many pleadings, motions,

---

Sheet), docket no. 8-1, to Memorandum in Support of Motion to Dismiss Complaint (Supporting Memorandum), docket no. 8, filed June 1, 2011.

[4] Civil Rights Complaint (Complaint) at 2, docket no. 5, filed May 17, 2011.

[5] Supporting Memorandum at 4, docket no. 8, filed June 1, 2011(citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Forrester v. White*, 484 U.S. 219, 225-26 (1988)).

[6] *Id*. (citing *Stein v. Disciplinary Bd. of Supreme Court of NM*, 520 F.3d 1183, 1189-90 (10th Cir. 2008) (citing *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir.1990))).

[7] Supporting Memorandum at 5. *See also Mireles*, 502 U.S. at 11-13; *Stein*, 520 F.3d at 1195 ([A]n act taken in excess of a court's jurisdiction is not to be confused with an act taken in the complete absence of all jurisdiction.).

[8] Memorandum in Opposition to Defendant's Motion to Dismiss (Opposing Memorandum) at 3, docket no. 11, filed July 19, 2011.

[9] *Stump v. Sparkman*, 435 U.S. 349 (1978).

affidavits, and orders entered upon the docket beginning in August 2007 and continuing through May 19, 2011.[10] The state court has subject matter jurisdiction in the state case as evidence by the state docket sheet showing no motion contesting subject matter jurisdiction and the original Verified Complaint[11] which states"[j]urisdiction obtains pursuant to Utah Code Ann. §78-3-4."[12] Dawson had jurisdiction of the subject matter before him in the state court, and did not act in absence of all jurisdiction. Accordingly, he is entitled to absolute judicial immunity.

## Subject Matter Jurisdiction

This Court lacks subject matter jurisdiction to review any final decisions of the state court or to intervene in an on-going state case. The jurisdiction possessed by the Federal District Courts is strictly original.[13] Strand and Allen cite to *Davis v. Stamler,* a Third Circuit case[14] arguing "this [C]ourt can exercise subject matter jurisdiction" under an exception provided that the state court proceeding was "egregious" and that the state court acted arbitrarily.[15] The magistrate judge finds that *Davis* is not applicable in the circumstances presented here because *Davis* involved an attorney disqualification in relation to a criminal defendant.

Dawson cites to the *Rooker-Feldman*[16] doctrine "which prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced,"[17] to establish that this

---

[10] State docket sheet.

[11] Verified Complaint and Jury Demand (State Complaint), docket no. 5-1.

[12] Recodifed at Utah Code Ann. 78A-5-102 (2008).

[13] *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

[14] 650 F.2d 477 (3rd Cir. 1981).

[15] Opposing Memorandum at 7.

[16] *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149 (1923); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303 (1983).

[17] *Erlandson v. Northglenn Mun. Ct.* 528 F.3d 785, 786(10th Cir. 2008) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1146 (10th Cir. 2007)).

Court lacks jurisdiction to review final state court decisions. However, the "the *Rooker-Feldman* doctrine is 'confined to cases brought after the state proceedings have ended.'"[18]

Therefore, *Rooker-Feldman* is not applicable as there are still on-going state proceedings.

Next, Dawson argues that under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction over an ongoing proceeding in state court.[19] "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief – such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when such relief could adequately be sought before the state court."[20] A federal court must abstain from exercising jurisdiction when three conditions are established:

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[21]

Here there is an ongoing state civil proceeding, where Strand and Allen have already requested and been denied the relief they are now seeking from this Court. The state case involves real property which is an important state interest to Utah, the state in which the property is located.

Therefore, this Court must abstain from exercising jurisdiction under the *Younger* doctrine.

## RECOMMENDATION

IT IS RECOMMENDED that the District Court **GRANT** Dawson's Motion to Dismiss.[22]

---

[18] *Id.* at 786 (quoting *Mann*, 477 F.3d at 1165 (10th Cir. 2007)); *see also Guttman v. Khalsa,* 446 F.3d 1027, 1031-32 (10th Cir. 2006) (holding that *Rooker- Feldman* doctrine applies only where state court appeals process has run its full course).

[19] *Younger v. Harris,* 401 U.S. 37 (1971).

[20] Supporting Memorandum at 8 (citing *Rienhardt v. Kelly,* 164 F.3d 1296, 1302 (10th Cir. 1999)).

[21] *Taylor v. Jaquez,* 126 F.3d 1294, 1297 (10th Cir. 1997).

[22] Docket no. 7, filed June 1, 2011.

## NOTICE TO THE PARTIES

Within 14 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections. A party may respond to another party's objections within 14 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

Dated October 4, 2011.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge